# Exhibit A



Frank R. Mead, #020577
Lorona | Mead, PLC
3838 N. Central Avenue, Suite 100
Phoenix, AZ 85012
(602) 385-6817 (p) • (602) 606-8300 (f)
frank@loronamead.com

*Attorneys for Plaintiff*

## SUPERIOR COURT OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LOREN KIRKING,<br><br>                    Plaintiff,<br><br>        vs.<br><br>AMERICAN AIRLINES, INC., a Delaware Corporation,<br><br>                    Defendant. | No.  CV2020-006516<br><br>**First-Amended Complaint**<br><br><br>(The Honorable Scott M. McCoy) |

Plaintiff Loren Kirking alleges:

### Nature of Action

1.      Defendant American Airlines, Inc., terminated Loren Kirking in retaliation for the exercise of his lawful rights under Arizona's worker's compensation statutes (A.R.S. § 23-901 *et seq*.).  The termination was in direct violation of Arizona's Employment Protection Act (A.R.S. § 23-1501).

2.      With this action, Loren seeks to hold Defendant accountable for its intentional misconduct in violation of Arizona law, and to recover the lost income he is owed as a result of being wrongfully terminated for exercising his rights under Arizona law.

/        /        /

-1-

**<u>Jurisdiction and Parties</u>**

3.     Plaintiff Loren Kirking resides in Maricopa County, Arizona.

4.     Defendant American Airlines, Inc. ("AA") is a Delaware Corporation and is authorized to and conducts business in Arizona.  AA conducted business in Arizona and caused events to occur in Maricopa County out of which Loren's claims arise.

6.     The events that took place leading to Loren's claims against AA occurred in Maricopa County.  Jurisdiction and venue are proper in this Court.

**<u>Allegations</u>**

7.     Loren was a dedicated, long-term employee for AA.

8.     Before he was unlawfully terminated for suffering workplace injuries, Loren worked as a Baggage Handler and had worked for AA for 12 years.

9.     In the early spring of 2019, Loren suffered serious on the job injuries. Those injuries included a torn rotator cuff and tendinitis in his bicep.

10.     Loren worked to complete FMLA paperwork to give him the needed time to heal.  Loren believed this was the process to follow after he was injured.

11.     Loren scheduled an appointment with his surgeon to complete the necessary paperwork, but his surgeon was unable to see him for several weeks and not until May 8, 2019 at the earliest.

12.     Loren scheduled the appointment with his surgeon for May 8, 2019, but had the FMLA paperwork completed by another medical professional so as not to delay that process.

13.     Loren submitted the FMLA paperwork, but AA apparently refused to accept the certification from that medical professional (or made a determination about medical qualification).

14.     As a result, the time that Loren had taken off to that point to heal, which he reasonably believed would be covered by FMLA, was not covered by FMLA.  Loren lost

a point on his attendance.  In reality, Loren should have been under the care of a physician through workman's compensation and not making the injury worse.  And AA had reason to believe, based on the FMLA submission, that Loren likely had suffered a work-related injury.

15.     Loren continued to try to work through the intense pain that severely restricted the movement of his neck and shoulder.  The pain was so intense and exacerbated after a work shift, that Loren had difficulty sleeping.

16.     In about the end of April 2019, Loren was late for a shift because he was in pain and had not slept.  Loren called in and believed the absence could be addressed via FMLA (when in reality Loren should not have been working and under a doctor's care).

17.     About one week later, on May 3, 2019, Loren reported to work and was told by the Duty Supervisor "to go upstairs" and talk with a human resources representative.  Loren called a union representative on his way to the meeting, who was already "upstairs" and waiting for Loren at the meeting.  Ultimately, AA terminated Loren's employment at that meeting.

18.     On May 8, 2019, Loren's surgeon diagnosed his torn rotator cuff and tendinitis.  The injuries were work related.  The injuries required surgery or at least six weeks of intensive rehabilitation.

19.     Loren received worker's compensation treatment and benefits as a result of the injuries.

20.     AA terminated Loren while he was battling an injury from work when he should have been under a doctor's care and not making the injury worse.

21.     The termination of Loren's employment by AA had a devastating impact on Loren and his family.  Loren has suffered damages as a result of the actions, inaction, and decisions by AA.

1      22.     AA's termination of Loren's employment violated A.R.S. § 23-

2  1501(A)(3)(c)(iii).

3                              **Count One**

4                  **(Retaliation under A.R.S. § 23-1501)**

5      23.     Loren realleges the preceding allegations.

6      24.     Loren suffered serious work-related injuries.

7      25.     AA had reason to know Loren suffered work-related injuries when Loren

8  mistakenly believed he was to pursue FMLA.

9      26.     While injured, Loren tried to continue to work, albeit in great pain and

10  discomfort.

11      27.     Loren's workplace injuries were ultimately diagnosed and Loren received

12  benefits under Arizona's worker's compensation statutes.

13      28.     As a result of Loren exercising his rights to worker's compensation, AA

14  retaliated against him by terminating his employment.

15      29.     As a direct and proximate result of AA's actions, Loren has suffered

16  damages in the amount of $63,950.  These damages amount to one year's loss of income

17  plus a $1,000 bonus Loren had earned but not received from AA.

18                              **Tier Allegation**

19      30.     Loren alleges this is a Tier 2 case, with damages more than $50,000 but less

20  than $75,000 as specifically calculated in paragraph 29 and in the Demand for Relief

21  section.

22                              **Demand for Relief**

23      Loren demands relief as follows:

24      •     Compensatory damages as permitted under Title 23 and Arizona law in an

25  amount of $62,950 plus a bonus of $1,000 that Loren had earned but which had not been

26  paid by AA;

1      •      Attorney's fees and costs under A.R.S. §§ 12-341 and 12-341.01(A),

2  which as of the time of the written demand served on AA was $1,950; and

3      •      Any other relief as the court deems just and proper to provide Plaintiff with

4  a complete recovery.

5          Dated July 26, 2020

6                                      **Lorona | Mead, PLC**

7

8                          By:   /s/ Frank R. Mead

9                                 Frank R. Mead
                                  3838 North Central Avenue, Suite 100
10                                Phoenix, Arizona 85012
                                  ***Attorneys for Plaintiff***
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# L|M

**LORONA**MEAD

Frank R. Mead, #020577
Lorona | Mead, PLC
3838 N. Central Avenue, Suite 100
Phoenix, AZ 85012
(602) 385-6817 (p) • (602) 606-8300 (f)
frank@loronamead.com

*Attorneys for Plaintiff*

## SUPERIOR COURT OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LOREN KIRKING,<br><br>                              Plaintiff,<br><br>        vs.<br><br>AMERICAN AIRLINES, INC., a Delaware Corporation,<br><br>                              Defendant. | No. CV2020-006516<br><br>**Notice of Filing First Amended Complaint**<br><br>(The Honorable Scott M. McCoy) |

        Plaintiff Loren Kirking provides notice of the filing of his First Amended

Complaint.

        Dated July 26, 2020

                                    **Lorona | Mead, PLC**

                                    By:    /s/ Frank R Mead
                                           Frank R. Mead
                                           3838 North Central Avenue, Suite 100
                                           Phoenix, Arizona 85012
                                           *Attorneys for Plaintiff*

**Efiled** with the Clerk via
TurboCourt on July 26, 2020
and **served** via TurboCourt the
same day on:

Christopher J. Meister
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Esplanade Center III
2415 E. Camelback Road, Suite 800
Phoenix, AZ 85016
christopher.meister@ogletree.com
*Attorneys for Defendant*


By:  /s/ Frank R. Mead

CLERK OF THE COURT
Clerk of the Superior Court
By Amber Sutton, Deputy
Date 06/04/2020 Time 15:06:15
Description                    Amount
———— CASE# CV2020-006516 ————
CIVIL NEW COMPLAINT            333.00

TOTAL AMOUNT                   333.00
        Receipt# 27813592

Frank R. Mead, #020577
Lorona | Mead, PLC
3838 N. Central Avenue, Suite 100
Phoenix, AZ 85012
(602) 385-6817 (p) • (602) 606-8300 (f)
frank@loronamead.com

**LORONAMEAD**

*Attorneys for Plaintiff*

## SUPERIOR COURT OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

LOREN KIRKING,

                Plaintiff,

      vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation,

                Defendant.

No. CV2020-006516

**Complaint**

Plaintiff Loren Kirking alleges:

### Nature of Action

1.    Defendant American Airlines, Inc., terminated Loren Kirking in retaliation for the exercise of his lawful rights under Arizona's worker's compensation statutes (A.R.S. § 23-901 *et seq.*). The termination was in direct violation of Arizona's Employment Protection Act (A.R.S. § 23-1501).

2.    With this action, Loren seeks to hold Defendant accountable for its intentional misconduct in violation of Arizona law, and to recover the compensation and lost income and flight benefits he is owed as a result of being wrongfully terminated for exercising his rights under Arizona law.

/     /     /

### Jurisdiction and Parties

3.    Plaintiff Loren Kirking resides in Maricopa County, Arizona.

4.    Defendant American Airlines, Inc. ("AA") is a Delaware Corporation and is authorized to and conducts business in Arizona.  AA conducted business in Arizona and caused events to occur in Maricopa County out of which Loren's claims arise.

6.    The events that took place leading to Loren's claims against AA occurred in Maricopa County.  Jurisdiction and venue are proper in this Court.

### Allegations

7.    Loren was a dedicated, long-term employee for AA.

8.    Before he was unlawfully terminated for suffering workplace injuries, Loren worked as a Baggage Handler and had worked for AA for 12 years.

9.    In the early spring of 2019, Loren suffered serious on the job injuries.  Those injuries included a torn rotator cuff and tendinitis in his bicep.

10.   Loren worked to complete FMLA paperwork to give him the needed time to heal.  Loren believed this was the process to follow after he was injured.

11.   Loren scheduled an appointment with his surgeon to complete the necessary paperwork, but his surgeon was unable to see him for several weeks and not until May 8, 2019 at the earliest.

12.   Loren scheduled the appointment with his surgeon for May 8, 2019, but had the FMLA paperwork completed by another medical professional so as not to delay that process.

13.   Loren submitted the FMLA paperwork, but AA apparently refused to accept the certification from that medical professional (or made a determination about medical qualification).

14.   As a result, the time that Loren had taken off to that point to heal, which he reasonably believed would be covered by FMLA, was not covered by FMLA.  Loren lost

-2-

1    a point on his attendance.  In reality, Loren should have been under the care of a

2    physician through workman's compensation and not making the injury worse.  And AA

3    had reason to believe, based on the FMLA submission, that Loren likely had suffered a

4    work-related injury.

5        15.    Loren continued to try to work through the intense pain that severely

6    restricted the movement of his neck and shoulder.  The pain was so intense and

7    exacerbated after a work shift, that Loren had difficulty sleeping.

8        16.    In about the end of April 2019, Loren was late for a shift because he was in

9    pain and had not slept.  Loren called in and believed the absence could be addressed via

10   FMLA (when in reality Loren should not have been working and under a doctor's care).

11       17.    About one week later, on May 3, 2019, Loren reported to work and was

12   told by the Duty Supervisor "to go upstairs" and talk with a human resources

13   representative.  Loren called a union representative on his way to the meeting, who was

14   already "upstairs" and waiting for Loren at the meeting.  Ultimately, AA terminated

15   Loren's employment at that meeting.

16       18.    On May 8, 2019, Loren's surgeon diagnosed his torn rotator cuff and

17   tendinitis.  The injuries were work related.  The injuries required surgery or at least six

18   weeks of intensive rehabilitation.

19       19.    Loren received worker's compensation treatment and benefits as a result of

20   the injuries.

21       20.    AA terminated Loren while he was battling an injury from work when he

22   should have been under a doctor's care and not making the injury worse.

23       21.    The termination of Loren's employment by AA had a devastating impact

24   on Loren and his family.  Loren has suffered substantial damages as a result of the

25   actions, inaction, and decisions by AA.

26

22.    AA's termination of Loren's employment violated A.R.S. § 23-1501(A)(3)(c)(iii).

## Count One

## (Retaliation under A.R.S. § 23-1501)

23.    Loren realleges the preceding allegations.

24.    Loren suffered serious work-related injuries.

25.    AA had reason to know Loren suffered work-related injuries when Loren mistakenly believed he was to pursue FMLA.

26.    While injured, Loren tried to continue to work, albeit in great pain and discomfort.

27.    Loren's workplace injuries were ultimately diagnosed and Loren received benefits under Arizona's worker's compensation statutes.

28.    As a result of Loren exercising his rights to worker's compensation, AA retaliated against him by terminating his employment.

29.    As a direct and proximate result of AA's actions, Loren has suffered substantial damages in an amount to be proven at trial.  Among other things, Loren has lost income, flight benefits, and other employment benefits that accrued over the time of his service to AA.

30.    AA's conduct was outrageous and malicious, and was the product of an evil mind.  Loren is, therefore, entitled to recover punitive damages in an amount sufficient to punish AA for its conduct and to deter AA and others from engaging in similar conduct.

### Tier Allegation

31.    Loren alleges this is a Tier 2 case.

## Demand for Relief

Loren demands relief as follows:

-4-

1         •     Compensatory damages and special damages as permitted under Title 23

2 and Arizona law in an amount which is just and reasonable;

3         •     Punitive damages in an amount which is just and reasonable;

4         •     Attorney's fees and costs pursuant to A.R.S. § 12-341.01(A); and

5         •     Any other relief as the court deems just and proper to provide Plaintiff with

6 a complete recovery.

7

        Dated June 4, 2020

8

                      **Lorona | Mead, PLC**

9

10                  By:

11                       Frank R. Mead

12                       3838 North Central Avenue, Suite 100
                      Phoenix, Arizona 85012

13                       *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26



ORIGINAL

Person Filing: Frank R. Mead, Esq.
Address (if not protected): 3838 N. Central Ave., Suite 100
City, State, Zip Code: Phoenix, AZ 85012
Telephone: 602-385-6817
Email Address: frank@loronamead.com
Lawyer's Bar Number: 020577

*For Clerk's Use Only*

Representing ☐ Self, without a Lawyer or ☒ Attorney for ☒ Plaintiff OR ☐ Defendant

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

CV2020-006516

LOREN KIRKING
Name of Plaintiff

And

AMERICAN AIRLINES, INC.,
Name of Defendant

Case No.: _____

If you **SUMMONS** advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

---

**WARNING: This is an official document from the court that affects your rights. Read this carefully.**
**If you do not understand it, contact a lawyer for help.**

---

**FROM THE STATE OF ARIZONA TO:** AMERICAN AIRLINES, INC.,
Name of Defendant

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons."*

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

   - Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 *OR*
   - Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 *OR*
   - Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 *OR*
   - Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

   Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 2

CV11f 031820

Case Number: _____

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

   - 601 West Jackson, Phoenix, Arizona 85003
   - 18380 North 40th Street, Phoenix, Arizona 85032
   - 222 East Javelina Avenue, Mesa, Arizona 85210
   - 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5. Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

7. Eviction Actions/Forcible Detainers: If you want to request a telephonic hearing, please contact the judge assigned to your case. If you do not know your assigned judge, or have not been assigned a judge, please contact Civil Court Administration at 602-506-1497.

JEFF FINE, CLERK

JUN 0 4 2020

SIGNED AND SEALED this date

By _____  Deputy Clerk

CLERK OF SUPERIOR COURT

_____

A. Sutton

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV11f  031820

1
2
3

# L|M
## LORONA**MEAD**

Frank R. Mead, #020577
Lorona | Mead, PLC
3838 N. Central Avenue, Suite 100
Phoenix, AZ 85012
(602) 385-6817 (p) • (602) 606-8300 (f)
frank@loronamead.com

CLERK OF THE
SUPERIOR COURT
FILED
A. SUTTON, DEP

2020 JUN -4 PM 3: 07

4

*Attorneys for Plaintiff*

5

6

## SUPERIOR COURT OF ARIZONA

7

## IN AND FOR THE COUNTY OF MARICOPA

8

LOREN KIRKING,

No.    CV2020-006516

9

Plaintiff,

10

**Certificate of Compulsory
Arbitration**

11

vs.

12

AMERICAN AIRLINES, INC., a Delaware
Corporation,

13

14

Defendant.

15

16

        Plaintiff Loren Kirking by and through undersigned counsel, certifies that this

17

case is <u>not</u> subject to compulsory arbitration under the Rules of Civil Procedure.

18

19

        Dated June 4, 2020

20

                                **Lorona | Mead, PLC**

21

22

                                By: _____
                                Frank R. Mead
23                              3838 North Central Avenue, Suite 100
                                Phoenix, Arizona 85012
24                              *Attorneys for Plaintiff*

25

26

# L|M

**LORONA**MEAD

Frank R. Mead, #020577
Lorona | Mead, PLC
3838 N. Central Avenue, Suite 100
Phoenix, AZ 85012
(602) 385-6817 (p) • (602) 606-8300 (f)
frank@loronamead.com

*Attorneys for Plaintiff*

## SUPERIOR COURT OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LOREN KIRKING,<br><br>                    Plaintiff,<br><br>     vs.<br><br>AMERICAN AIRLINES, INC., a Delaware Corporation,<br><br>                    Defendant. | No. CV2020-006516<br><br>**Acceptance of Service**<br><br>(The Honorable Scott M. McCoy) |

Ellen L. Perlioni, being authorized to do so, hereby acknowledges on behalf of Defendant American Airlines, Inc., having received a copy of the Summons, Complaint, Certificate on Compulsory Arbitration and an Acceptance of Service on July 1, 2020.

Under Rule 4.2(d), Arizona Rules of Civil Procedure, American Airlines, Inc., agrees to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

American Airlines, Inc., will retain all defenses or objections to the lawsuit or the jurisdiction or venue of the court except for objections based on a defect in the

1

summons or in the service of the summons.

2

American Airlines, Inc., understands that a judgment may be entered against it if a

3

responsive pleading is not served upon Plaintiff within sixty days after July 1, 2020.

4

5

Dated July 1, 2020

6

7

By: _____

8

Ellen L. Perlioni, Director and Senior Attorney
American Airlies, Inc.

9

1 Skyview Drive, MD 8B503
Fort Worth, Texas

10

*In-House Counsel for American Airlines, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# Exhibit B

# Civil Court Case Information – Case History

## Case Information

| | | | | |
|---|---|---|---|---|
| Case Number: | CV2020-006516 | Judge: | McCoy, M. Scott |
| File Date: | 6/4/2020 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Loren Kirking | Plaintiff | Female | Frank Mead |
| American Airlines Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 7/26/2020 | NOF - Notice Of Filing | 7/27/2020 | |
| **NOTE:** Notice of Filing First Amended Complaint | | | |
| 7/2/2020 | ACS - Acceptance Of Service | 7/2/2020 | |
| **NOTE:** Acceptance of Service / ELLEN PERLIONI | | | |
| 6/4/2020 | COM - Complaint | 6/8/2020 | |
| 6/4/2020 | CCN - Cert Arbitration - Not Subject | 6/8/2020 | |
| 6/4/2020 | CSH - Coversheet | 6/8/2020 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

# Exhibit C

**Exhibit C**

Christopher J. Meister (AZ Bar No. 024974)
Justin B. Caresia (AZ Bar No. 034007)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., SBN 00504800
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
Telephone:  602.778.3700
Fax:  602.778.3750
christopher.meister@ogletree.com
justin.caresia@ogletree.com

Attorneys for Defendant American Airlines,
Inc.

## SUPERIOR COURT OF ARIZONA

## MARICOPA COUNTY

| | |
|---|---|
| Loren Kirking, | No. CV2020-006516 |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION** |
| v. | |
| American Airlines, Inc., | |
| Defendant. | |

**To the Clerk of the above-entitled Court:**

PLEASE TAKE NOTICE that Defendant American Airlines, Inc. has filed a Notice of Removal of this action with the United States District Court for the District of Arizona. A copy of the Notice of Removal filed in the United States District Court is attached as Exhibit A.

DATED this 30th day of July 2020.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By:  s/Christopher J. Meister
Christopher J. Meister
Justin B. Caresia
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Attorneys for Defendant American
Airlines, Inc.

**ORIGINAL E-FILED AND COPY**
of the foregoing mailed and e-mailed
this 30th day of July 2020 to:

    Frank R. Mead
    Lorona Mead, PLC
    3838 N. Central Avenue, Suite 100
    Phoenix, AZ 85012
    frank@loronamead.com
    Attorneys for Plaintiff Loren Kirking


  s/ Bernadette Young
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

43666176.1

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602.778.3700